**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kellywood,<br>　　　　Petitioner,<br>v.<br>James Kimble,<br>　　　　Respondent. | No. CV-21-00234-TUC-JCH<br><br>**ORDER** |

On June 6, 2021, Petitioner Michael Kellywood ("Kellywood" or "Petitioner"), who is currently incarcerated in the Arizona State Prison Complex in Florence, Arizona, filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Doc. 1.) This matter was referred to United States Magistrate Judge Leslie A. Bowman for Report and Recommendation ("R&R"). (Doc. 4.) After a full briefing, Judge Bowman issued her R&R recommending that this Court deny the Petition. (Docs. 7, 9, 11.) Petitioner objected to portions of the R&R and Respondent filed his response. (Docs. 12, 13.) As explained herein, the Court will **adopt** the R&R in full, **deny** the Petition, and **dismiss** this action.

## I.　BACKGROUND

The R&R provides a summary of the case as follows:

> After a jury trial, Kellywood was convicted of three counts of sexual conduct with a minor under the age of fifteen, and one count each of molestation of a child, continuous sexual abuse of a child, and sexual abuse of a minor under the age of fifteen." *State v. Kellywood*, 2020 WL 4581241, at *1 (Ariz. Ct.

> App. 2020). "The victim was Kellywood's adopted daughter A.K., and the offenses were committed when she was between eleven and fourteen years old." *Id*. "The trial court sentenced Kellywood to life imprisonment, in addition to a combination of consecutive and concurrent prison terms totaling sixty years …." *Id*.
>
> On direct appeal, "Kellywood argue[d] the trial court erred by denying his motion to compel production of the victim's medical and counseling records for in camera review because they possibly contained exculpatory evidence." *State v. Kellywood*, 433 P.3d 1205, 1206 (Ariz. Ct. App. 2018). "According to Kellywood's theory of defense, A.K. had recently fabricated her allegations, in part because he and his wife had taken away her cell phone after they discovered she had been using it to watch pornography." *Id*. He hoped to find evidence that A.K., after being asked by her health care providers, denied being abused. The Arizona Court of Appeals affirmed his convictions and sentences on December 12, 2018. *Id*. at 1205; (Doc. 1-1, pp. 35-43). The court explained that "the mere possibility A.K. could have said something exculpatory is not, as a matter of law, sufficient by itself to require her to produce the medical and counseling records sought by Kellywood." (Doc. 1-1, p. 37.) The Arizona Supreme Court denied his petition for review on July 8, 2019. (Doc. 7-1, p. 41.)
>
> In his petition for post-conviction relief ("PCR"), Kellywood "argu[ed] trial counsel had been ineffective in failing to adequately investigate, prepare, and argue a motion to compel the production of counseling and medical records of A.K." *State v. Kellywood*, 2020 WL 4581241, at *1 (Ariz. Ct. App. 2020). The PCR court denied the petition on March 11, 2020. (Doc. 1-1, p. 59). The court explained that counsel's failure to include the name of A.K.'s counselor in the motion or his failure to familiarize himself with the proper method of securing documents from the Arizona Attorney General was not dispositive. (Doc. 1-1, pp. 61-62.) Counsel's motion for documents was denied because he "did not articulate in the Motion to Compel anything from which the trial court could determine that a reasonable possibility existed that the records contained exculpatory evidence." (Doc. 1-1, p. 62.) On August 10, 2020, the Arizona Court of Appeals granted review but denied relief adopting the reasoning of trial court below. (Doc. 1-1, pp. 44-40.)

(Doc. 11 at 1-3.) No party objects to the R&R's factual recitation and this Court accepts and adopts it.

## II. THE R&R AND PETITIONER'S OBJECTIONS

Judge Bowman set forth Petitioner's claim in his Petition as a single claim with four subparts identified thusly: claim 1(a), 1(b), 1(c), and 1(d). (Doc. 11 at 6, 8, 10.) In claim (1)(a), Petitioner claims his trial counsel was ineffective when trial counsel "failed to compel production of the complainant's medical records[.]" *Id*. at 3. In claim (1)(b), Petitioner claims his trial counsel was ineffective when trial counsel "failed to impeach A.K. with an inconsistent statement." *Id*. at 8. Claim 1(c) is identified as a claim that trial counsel was ineffective for "failure to pursue potentially exculpatory evidence and show the court that the potential contents of the documents necessitated in camera review." *Id*. at 10. Claim 1(d) is identified as a claim that trial counsel was ineffective for "refusing to call character witnesses on [Petitioner's] behalf." *Id*. at 11.

Judge Bowman found claim (1)(a) exhausted and considered this claim on the merits. *Id*. at 6-8. Judge Bowman concluded that Petitioner failed to show "that prior adjudication of this issue 'resulted in a decision that was contrary to or an unreasonable application of Supreme Court precedent' or that 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id*. at 8 (quoting 28 U.S.C. § 2254(d)). Judge Bowman found claim (1)(b) procedurally defaulted without excuse and barred from habeas review. *Id*. at 8-10. Judge Bowman found claim 1(c) to not be a claim for relief but "simply a different way of describing [c]laim 1(a)." *Id*. at 10. Judge Bowman found claim 1(d) to not be a proper claim and, alternatively, found claim 1(d) to be procedurally defaulted without excuse. *Id*. at 11.

Petitioner lodges three objections to the R&R. (Doc. 12.) First, he "objects to the finding that Petitioner failed to show that former counsel's performance was deficient regarding the motion to compel medi[c]al and counseling records." *Id*. at 1. Second, he "objects to the finding that Petitioner has failed to show that counsel was ineffective for failing to impeach A.K." *Id*. at 5. Third, he "objects to any finding or recommendation that his claims are procedurally defaulted." *Id*.

Respondent argues that Petitioner's objections are too general to trigger de novo

review. (Doc. 13 at 2.) He argues that even if Petitioner's objections trigger de novo review, he has failed to "establish any basis for rejecting the R&R's conclusion because [Petitioner's objection] addresses no relevant basis for that finding." *Id.*

### III. R&R STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 736 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The district court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). *See also Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he court shall make de novo determination of those portions of [the R&R] to which an objection is made.").

### IV. THE AEDPA STANDARDS OF REVIEW

#### a. The AEDPA General Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). The AEDPA "guards against extreme malfunctions in the state criminal justice systems and [is] not … a means of error correction." *McGill v. Shinn*, 16 F.4th 666, 679 (9th Cir. 2021) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)).

The AEDPA provides that a federal court:

> shall not…grant[] [a writ of habeas corpus] with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*McGill*, 16 F.4th at 679 (quoting 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011)). The district court may grant relief under § 2254(d)(1):

>   If the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle…but unreasonably applies that principle to the facts of the prisoner's case.

*McGill*, 16 F.4th at 679 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "The 'pivotal question is whether the court's application of law was unreasonable." *McGill*, 16 F.4th at 679 (quoting *Richter*, 562 U.S. at 101). "A state court's application of federal law that is merely incorrect will not warrant relief." *Williams*, 529 U.S. at 410-11.

In determining whether the state courts' resolution of a claim was contrary to, or an unreasonable application of, clearly established federal law, the habeas court reviews the last reasoned state court judgment addressing the claim. *Cook v. Schriro*, 538 F.3d 1000, 1015 (9th Cir. 2008) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). The reviewing federal court is to be "particularly deferential to [its] state court colleagues." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004) *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014)). The federal habeas court presumes the state court's factual determinations are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

### b. Review of Ineffective Assistance of Counsel Claims

The clearly established federal law governing ineffective assistance of counsel

("IAC") claims was set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel was constitutionally ineffective under *Strickland*, "a defendant must show both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

Deficient performance is established when counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining deficiency, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted).

To establish prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 455 U.S. at 693).

On habeas review of an IAC claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Richter*, 562 U.S. at 101. It requires the habeas court to consider "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [Petitioner] must show that the [state court] applied *Strickland* to the facts of the case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002) (internal citations omitted).

V.  **ANALYSIS**

    a. **Petitioner's Objection to the Finding on Claim (1)(a)**

Respondent argues that Petitioner's objection is insufficient to trigger de novo review. The Court narrowly finds Petitioner's objection sufficient to trigger de novo

review.[1] As explained below, upon de novo review, the Court finds Petitioner is not entitled to habeas relief on the grounds alleged in claim 1(a) because Petitioner fails to establish that the state court unreasonably applied *Strickland* in determining that he failed to establish that his trial counsel rendered constitutionally deficient performance and that he suffered prejudice.

### b. Review of Claim 1(a)

In claim 1(a), Petitioner urges that he was denied the effective assistance of trial counsel because "trial counsel[] fail[ed] to diligently pursue discovery and presentation of any evidence of prior statements that contradicted [A.K's] trial testimony." (Doc. 1-1 at 10.) Specifically, Petitioner alleges that trial counsel was deficient in showing to the state court that "there was a reasonable probability that the information sought in counsel's motion [to compel A.K.'s counseling records] was exculpatory…despite the information readily available to counsel had he been at all diligent." *Id.* To explain what information trial counsel was obligated to pursue and present, Petitioner quotes (without any analysis) the entirety of Judge Eckerstrom's dissent to the Arizona Court of Appeals' decision denying Petitioner's post-conviction relief ("PCR") petition. (Doc. 1-1 at 7-16; *see also State v. Kellywood*, No. 2 CA-CR 2020-0067-PR, 2020 WL 4581241, at *3 (Ariz. App. 2d Div. Aug. 10, 2020) (Eckerstrom, J., dissenting).)

In reviewing Petitioner's 1(a) claim this Court looks to the most recent reasoned state court decision which is the trial court's ruling on Petitioner's PCR petition. In denying Petitioner's PCR petition, the trial court held, *inter alia*,

> As a preliminary matter, it is notable that the argument contained in the Petition is supported by speculative facts layered upon more speculative facts. Additionally, some of the assertions in the Petition are based upon "information and belief" derived from an affidavit from Petitioner's mother,

---

[1] Petitioner's objection fails to mention Judge Bowman's finding on *Strickland*'s prejudice prong. *See* Doc. 12 at 1, ¶ 1 (stating that "Petitioner objects to the finding that Petitioner failed to show that former counsel's performance was deficient regarding the motion to compel medi[c]al and counseling records."). Because Petitioner references the dissent in the Arizona Court of Appeals' decision and the dissent discusses both *Strickland*'s performance and prejudice prong, the Court generously construes Petitioner's objection to include Judge Bowman's lack of prejudice finding.

- 7 -

Sheila French. Unfortunately, the affidavit contains numerous "facts" of which the affiant has no personal knowledge, but instead are based upon many levels of hearsay. To the extent Petitioner is required to demonstrate a reasonable probability that the result here would have been different if counsel was effective, speculation and hearsay are not compelling.

The Petition exclusively identifies the litigation of the Motion to Compel as the basis for Mr. Kressler's alleged ineffective assistance of counsel. Petitioner first claims that Mr. Kessler had the name of A.K.'s counselor because it was contained in Department of Child Safety ("DCS") records in his possession, and he should have included the counselor's name in the Motion to Compel to provide additional specificity to the request. Petitioner also believes Mr. Kressler should have requested earlier DCS records relating to A.K. that may have shown sexual abuse before she was placed in Petitioner's home. Petitioner finally claims Mr. Kressler should have learned more about the appropriate process for requesting DCS records through the Arizona Attorney General's Office. Petitioner claims these failures constitute ineffective assistance of counsel, and "in all likelihood" the trial judge would have granted the request but for these failures. Petitioner further claims that, because "[m]ost of [A.K.'s] allegations were not supported by independent evidence," there is a "strong probability" that the use of the documents on cross-examination of A.K. would have caused a different result at trial. …

The Court does not find that Mr. Kressler's failure to place the name of A.K.'s counselor in the Motion to Compel constitutes ineffective assistance of counsel. The issue before the trial court was whether any types of counseling records should have been produced, and the identity of any counselor's was not the primary issue…It is true that Mr. Kressler did not articulate in the Motion to Compel anything from which the trial court could determine that a reasonable probability existed that the records contained exculpatory evidence. However, the Petition likewise fails to identify how the records may contain exculpatory evidence…

The Court further finds that Mr. Kessler was not ineffective when he failed to seek DCS records relating to A.K.'s earlier dependency actions. The foundation for Petitioner's argument is Ms. French's affidavit, and the facts are not based upon her personal knowledge. And again, it is unlikely the trial court would have granted Mr. Kressler's request. The Petition fails to provide anything but mere speculation regarding how the records might contain exculpatory evidence…

Finally, the Court finds that Mr. Kressler was not ineffective by failing to request documents from the Arizona Attorney General. If there had been a

> reasonable possibility that any of the DCS documents contained exculpatory evidence, Mr. Kressler certainly would have been advised of the proper method to secure production of the documents.
>
> Mr. Kressler's performance was not deficient, and the Court further finds that, even if it had been deficient, Petitioner was not prejudiced. As noted above, it is unlikely the trial court would have granted the Motion to Compel (or even performed an *in camera* review) because all of the arguments presented are based upon mere speculation. But even if certain documents had been allowed to be used for cross-examination of A.K., it is very likely the jury verdicts would have been the same.

*State v. Kellywood*, Case No. CR20153211-001 (Ariz. Super. Ct. Mar. 11, 2020) (included in the record at Doc. 1-1 at 59-63) (footnotes omitted). The trial court also noted the "overwhelming" physical evidence found in carpeting that was presented at Petitioner's trial:

> A.K. was a very believable witness. Her testimony included many small and seemingly unimportant details that added dramatically to her credibility. *More importantly*, *the physical evidence from the carpeting was overwhelming*. A.K. disclosed how Petitioner had sexual intercourse with her at one of his worksites when he took her to work, and she noted how he accidentally got semen on the carpeting. A.K. led law enforcement to the house, and she pointed to the exact place on the carpeting where the incident occurred. DNA from both Petitioner and A.K. was found at the same spot, and the DNA from Petitioner was confirmed to be semen. Petitioner testified, as he seemingly was required to do so to explain the physical evidence. He testified that he masturbated sometime earlier at the exact same place, and the jury obviously did not believe him. On cross-examination, Petitioner also admitted to being alone with A.K. at all of the times, and all of the places, he stated he had sexual intercourse with her. For example, he admittedly took her into the desert alone in his vehicle, took her alone to his worksite, and stayed alone with her at the family home when the rest of the family went to dinner elsewhere. He admitted doing everything with A.K. that she testified to, except he claims he did not have any sexual contact with her. Again, the jury did not believe him.

*Kellywood*, CR20153211-001, at n.8 (Ariz. Super. Ct. Mar. 11, 2020) (emphasis added).

In denying relief on Petitioner's petition for review of the trial court's ruling denying his PCR petition, appellate court held "the trial court clearly identified, addressed, and

- 9 -

correctly resolved Kellwood's claims of ineffective assistance of trial counsel[]" and adopted its ruling. *Kellywood*, 2020 WL 4581241, at *2. The court of appeals held, "[m]ost significantly, although a better discovery strategy might have been employed by trial counsel, the standard for evaluating a claim of ineffective assistance is not the best defense…but only a reasonably competent one." *Id*. (citations omitted).

i. Deficient Performance

The filing of the motion to compel makes clear that trial counsel was familiar with the facts of the case and had a strategy. Petitioner complains that trial counsel was not successful in his strategy but trial strategy success is not relevant. As the Arizona Court of Appeals recognized, it is irrelevant to the *Strickland* analysis that trial counsel failed to employ a successful discovery strategy. *See Kellywood*, 2020 WL 4581241, at *3 ("Most significantly, although a better strategy might have been employed by trial counsel, the standard for evaluating a claim of ineffective assistance is not the *best* defense…but only a reasonable competent one.") (citing *Hinton v. Alabama*, 571 U.S. 362, 273 (2014) (proper measure of attorney performance is whether counsel's assistance "was reasonable considering all the circumstances" (quoting *Strickland*, 466 U.S. at 688)); *State v. Valdez*, 160 Ariz. 9, 15 (1989) ("Defendants are not guaranteed perfect counsel, only competent counsel.").

ii. Resulting Prejudice

Petitioner claims that "there was a reasonable probability that the information sought in trial counsel's motion [to compel] was exculpatory." (Doc. 1-1 at 10.) Petitioner supports this assertion with his own self-serving affidavit wherein he claims that A.K.'s "medical records would have shown either a record of sexual abuse during the time [she] was living with the Kellywoods or that she explicitly denied the existence of any sexual abuse when routinely questioned about it in her regularly scheduled evaluations." *Id*. at 10 n.2. However, Petitioner's self-serving affidavit fails to contain any verifiable facts regarding the basis for his belief that A.K.'s counseling records contains any exculpatory information. *Id*. at 25-33. As pointed out by Respondent, a habeas petitioner is not entitled to habeas relief where a factual basis for an ineffective assistance of counsel claim has not

been established. *See Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000) (holding factually unfounded IAC claim presents no basis for federal habeas relief); *Santoyo v. Seibel*, No. 2:11-cv-0771 DB P, 2016 WL 5847012, at *8 (E.D. Cal. Oct. 6, 2016) (denying IAC claim for failure to obtain telephone records based purely on "petitioner's speculative claim as to what those records would show").

In a footnote to his Petition, Petitioner argues that A.K.'s testimony regarding the incident where she was sexually abused at Petitioner's worksite could not be true because "he was incapable of kneeling, bending down, or having sex." (Doc. 1-1 at 3-4, n.1.) Petitioner alleges that "[a]t trial, the detective admitted that the DNA found in the home could have been from sweat; it was not necessarily semen as the complainant had claimed." *Id*. at 4, n.1 (emphasis omitted). Significantly, Petitioner's allegations are not supported by reference to the detective's trial testimony as one would expect. Rather, Petitioner supports his claim regarding the detective's alleged testimony to his own self-serving affidavit. *Id.* at 27-28.

### iii. The Arizona Court of Appeals Dissent

In his Petition, Petitioner repeats arguments made to the trial court and quotes the entirety of Judge Eckerstrom's dissent to the court of appeals' decision denying his PCR petition. (Doc. 1-1 at 7-17.) Likewise, in his objection to Judge Bowman's R&R, Petitioner "reiterates the dissent in the lower court's opinion that his claim for ineffective assistance of counsel has merit[,]" and again quotes the entirety of Judge Eckerstrom's dissent. (Doc. 12 at 1-5.) Significantly, Petitioner fails to point to anything from which this Court can conclude that the state courts' application of *Strickland* was unreasonable.

The United States Supreme Court has held that "relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fair[-]minded disagreement' on the question." *White*, 572 U.S. at 427 (citation omitted). In *Ritcher*, the United States Supreme Court held:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court

>proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996)…It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes not farther. Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 102. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citation omitted).

Petitioner has made no effort to satisfy the fairminded jurist standard. Instead, Petitioner quotes Judge Eckerstrom's dissent without any accompanying analysis or supporting caselaw. Judge Eckerstrom would hold that Kellywood established a colorable claim that trial counsel's performance fell below reasonable standards and that the result of the proceeding may have been different (*i.e*., that Petitioner was prejudiced by trial counsel's performance). Judge Eckerstrom would have the trial conduct an evidentiary hearing to assess "[w]hether any exculpatory information found within the materials sought by Kellywood would ultimately justify a new trial…" *Kellywood*, 2020 WL 4581241, at *5.

As pointed out by Respondent, Judge Eckerstrom applies *Strickland* just as the majority does but reaches a different conclusion. Disagreement among state court of appeals judges does not establish that the state court unreasonably applied *Strickland*. Petitioner has cited no authority to the contrary. The Arizona Court of Appeals' opinion addresses the dissent pointing out that the dissent's conclusion "relies on many 'could have' and 'ifs,'" something that the majority determined "underscore[ed] the trial court's express conclusion….[that] Kellywood's petition…was 'supported by speculative facts layered upon speculative facts.'" *Kellywood*, 2020 WL 4581241, at *3. Focusing on the dissent's assertion that A.K.'s possible failure to report her abuse to her health care providers would have been "clearly exculpatory" the majority concludes "that is highly

debatable" and points out that circumstance is "merely positing a circumstance [that A.K.] would have had the opportunity to explain to the jury." *Id*. The majority also pointed out Kellywood's "little reference to *Strickland*'s prejudice prong[.]" *Id*.

The habeas court's review of an exhausted IAC claim is highly deferential. This Court finds that Petitioner has failed to establish that the state court unreasonably applied *Strickland* to his claim that trial counsel was ineffective in failing to successfully compel production of his victim's counseling records. Petitioner is not entitled to habeas relief on the grounds alleged in claim 1(a) of the Petition.

### c. Petitioner's Objection to the Finding on Claim (1)(b)

Magistrate Judge Bowman found claim (1)(b)—that Petitioner's trial counsel was ineffective for failing to impeach A.K. with an inconsistent statement—was procedurally defaulted without excuse. (Doc. 11 at 8-10.) Judge Bowman found that the procedural default resulted from Petitioner's failure to raise this claim in his PCR petition or in his petition for review with the Arizona Court of Appeals. *Id*. at 8-9. Judge Bowman also found no excuse for the procedural default. *Id*. at 9-10. Petitioner objects to this finding asserting:

> A.K. was the key witness in this matter. Her testimony was largely relied upon by the jury. Several inconsistencies including her police testimony versus trial statement, and story as it related to the alleged conduct does not add up. Petitioner suffers from physical injuries that prevent A.K.'s story from being true. Failure to impeach on this matter satisfies "cause and prejudice" and warrants habeas relief.

(Doc. 12 at 5.) The Court narrowly finds Petitioner's objection sufficient to trigger de novo review. As explained below, upon de novo review, the Court finds Petitioner has failed to demonstrate cause and actual prejudice and thus the Court cannot excuse the admitted procedural default of claim 1(b).

### d. Review of Claim 1(b)

Respondent points out that Petitioner did not raise this claim in either his PCR petition or his petition for review of the trial court's denial of his PCR petition and, as a result, this claim is procedurally defaulted. (Doc. 7 at 11.) Respondent also urges that

- 13 -

Petitioner failed to establish the necessary grounds for this Court to excuse the procedural default. *Id.* at 12-13. In reply, Petitioner summarily asserts:

> Mr. Kellywood maintains that his claims are not procedurally defaulted, as the Government suggests. But, in the alternative, if this Court finds any of his claim are defaulted, this Court should find that Mr. Kellywood may escape the consequences of any default because he has demonstrated cause and actual prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 87.

(Doc. 9 at 1.)

### 1. Exhaustion and Procedural Default Standards

This Court may consider a petitioner's application for writ of habeas corpus only if he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement prevents unnecessary federal court adjudication and affords the state courts with the opportunity to correct a constitutional violation. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion requires a prisoner to "'fairly present' his claim in each state court, thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The United States Court of Appeals for the Ninth Circuit has held that a prisoner in Arizona does not exhaust a claim for federal review unless he has presented it to the Arizona Court of Appeals. *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004) ("To exhaust his Arizona remedies, Castillo had to give the Arizona courts a 'fair opportunity' to act on his federal due process claim before presenting it to the federal courts…We consider Castillo's briefing to the Arizona Court of Appeals to determine whether he fairly presented his federal due process claim to the Arizona courts.") (citations omitted)).

Federal habeas review of a procedurally defaulted claim is precluded unless the default is excused. A procedural default may be excused if a habeas petitioner establishes either (1) "cause" and "prejudice," or (2) that a fundamental miscarriage of justice has occurred. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "Cause" that is sufficient to excuse a procedural default is "some objective factor external to the defense" which precludes the Petitioner's ability to pursue his claim in state court. *Murray,* 477 U.S. at 488. "Prejudice"

in the habeas context means actual, objective harm resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 170 (1982) (a habeas petitioner "shoulder[s] the burden of showing, not merely that the errors…created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage" and infected the state proceedings with errors of constitutional dimension) (emphasis in original). A fundamental miscarriage of justice[2] may occur where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray*, 477 U.S. at 496 (the merits of a defaulted claim could be reached "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent…") "A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012).

**2. Analysis**

The record is clear that Petitioner failed to allege claim 1(b) in either his initial PCR petition or his petition for review with the state court of appeals. (Doc. 1-1 at 50-57, 65-75; Doc. 7 at 10-11.) He is now precluded by the Arizona Rules of Criminal Procedure from raising claim 1(b) in state court. *See* Ariz. R. Crim. P. 32.2(a). Accordingly, the Court finds claim 1(b) procedurally defaulted.

Petitioner argues that the procedural default should be excused because "he has demonstrated cause and actual prejudice." (Doc. 9 at 1.) As explained below, the Court disagrees. Petitioner has failed to provide any reason for failing to raise this claim in state court. *See generally,* Doc. 1. He states that "the ineffective assistance of Mr. Kellywood's post-conviction counsel ultimately led to any procedural default asserted by the

---

[2] To demonstrate a "fundamental miscarriage of justice," a petitioner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The fundamental miscarriage of justice standard "is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations omitted). Petitioner does not allege that he is actually innocent nor does he establish that he meets the fundamental miscarriage of justice standard.

Government." (Doc. 9 at 2.) Default of a claim as a result of state PCR counsel's failure to raise a trial-counsel-ineffective-assistance-of-counsel claim will constitute "cause" to excuse a procedural default if the claim of ineffective assistance of trial counsel was a substantial claim, the cause consisted of there being ineffective counsel during the state collateral review proceeding within the meaning of *Strickland*, the state collateral review proceeding was the initial review proceeding with respect to the ineffective assistance of trial counsel claim and it is highly unlikely in the typical case that a defendant will have a meaningful opportunity to raise an ineffective assistance of trial counsel claim on direct appeal. *See Trevino v. Thaler*, 569 U.S. 413 (2013).

Significantly, however, Petitioner fails to demonstrate both that his IAC claim regarding his trial counsel's alleged failure to impeach A.K. is a substantial claim and that his PCR counsel was ineffective in failing to pursue it. As recognized by Judge Bowman, "[A] prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which it to say that the prisoner must demonstrate that the claim has some merit." *See Martinez*, 566 U.S. at 15. As also recognized by Judge Bowman, Petitioner fails to cite to the state court record or provide any documentation of the "version of events [that A.K.] had given the police in her interview." (Doc. 11 at 9, citing Doc. 1-1 at 18.) As a result of Petitioner's failures, this Court cannot determine whether A.K. *actually* made an inconsistent statement and if, so, in what context the allegedly inconsistent statement was made.

Additionally, as recognized by Judge Bowman, Petitioner admits that he raised A.K.'s alleged testimonial discrepancy and that his trial counsel "told me it doesn't matter." (Doc. 11 at 9, citing Doc. 1-1 at 30.) As such, this Court must presume that counsel made a strategic decision in failing to raise the issue. *See Matylicky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (holding that the petitioner "bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy. Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances

if they are based on professional judgment."); *Thomas v. Schriro*, No. CIV 05-320-TUC-CKJ, 2009 WL 648512, at *10 (D. Ariz. Mar. 12, 2009) (recognizing that "[a]ny issues of trial strategy and tactics are committee to defense counsel's judgment[] and claims of ineffective assistance cannot be predicated thereon.").

Having found that Petitioner has failed to demonstrate cause to excuse his default, it is unnecessary for the Court to address prejudice. *See Coleman*, 501 U.S. at 750 ("[F]ederal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law…." (emphasis added)). Nevertheless, the Court also finds that Petitioner has failed to demonstrate actual prejudice.

In support of his claim that he has established prejudice, Petitioner relies upon *Bradford v. Davis*, 923 F.3d 599 (9th Cir. 2019). (Doc. 9 at 3.) In *Bradford*, three of the petitioner's habeas claims were found to be procedurally defaulted and precluded from habeas review. The district court did not address the prejudice prong in its cause and prejudice analysis, having concluded that the petitioner failed to establish cause. Under the unique circumstances present in *Bradford*, the Ninth Circuit remanded two of the petitioner's procedurally defaulted habeas claims for consideration of whether the petitioner established prejudice for the purpose of the cause and prejudice analysis where the state court issued an alternative merits decision on the two remanded claims. 923 F.3d at 615.

The Ninth Circuit's decision in *Bradford* his inapposite to this case. Petitioner admits that claim 1(b) was never presented to the state court and it is clear that the state court never rendered a decision on claim 1(b). It seems that Petitioner conflates claims 1(a) and (b) in that he asserts, "to hold at the outset the state court's merits denial of the claim barred the prejudice inquiry for procedural default would improperly shield the claim from federal review." (Doc. 9 at 3.) Here, the only claim that was considered on its merits in state court is claim 1(a) and it is undisputed that claim 1(b) was never presented to the state court and the state court never rendered a decision on claim 1(b), whether a procedural or

merits decision. The decision in *Bradford* that a state court's merits denial does not necessarily bar a habeas court from conducting a prejudice inquiry in a cause and prejudice analysis is inapplicable to this case.

In sum, this Court finds claim 1(b) procedurally defaulted without excuse and barred from habeas review.

### e.  Petitioner's Objection to the Findings on Claims 1(c) and 1(d)

Claim 1(c) alleges that Petitioner's trial counsel was ineffective for failing to pursue potentially exculpatory evidence and establish before the trial court that the potential contents of the documents necessitated in camera review. Judge Bowman determined claim 1(c) to "simply be a different way of describing claim 1(a)." (Doc. 11 at 10.) Petitioner has not objected to this finding. (Doc. 12.) As such, this Court's review is for clear error. The Court finds none.

Claim 1(d) alleges that trial counsel was ineffective for "refusing to call character witnesses on [Petitioner's] behalf." (Doc. 7 at 12; Doc. 1-1 at 16-17, n.3.) In a footnote, Petitioner asserts that trial counsel should have called his best friend, his ex-wife or his mother to testify and that his trial counsel "said that he will not be calling any character witnesses on my behalf because there's no point." *Id.* at 26. Judge Bowman found claim 1(d) "not a proper claim." (Doc. 11 at 11.) Alternatively, Judge Bowman found claim 1(d) procedurally defaulted because it was not raised below. *Id.*

In his objection to Judge Bowman's R&R, Petitioner lodges a general objection to "any finding or recommendation that his claims are procedurally defaulted" which this Court construes as an objection to Judge Bowman's recommendation regarding claim 1(d). (Doc. 12 at 5.) So construed, this Court finds that Petitioner's global objection fails to identify any error in the R&R's conclusion regarding claim 1(d) and is insufficient to trigger de novo review. *See Neufield v. Shinn*, No. CV-20-08155-PCT-JAT, 2021 WL 3046904, at *2 (D. Ariz. July 19, 2021) ("[G]lobal or general objections are insufficient to cause the court to engage in a de novo review of an R & R."). The Court has reviewed the record for clear error regarding claim 1(d) and finds none.

## VI. EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing. (Doc. 1 at 11.) Where the state court adjudicated a petitioner's claim on the merits (as with Petitioner's claim 1(a)[3]), a federal court's review is limited to the record that was before the state court that adjudicated the claim on the merits. *See Pinholster*, 563 U.S. at 185 (holding that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."). Petitioner's request for an evidentiary hearing is denied.

## VII. CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to the petitioner in a habeas corpus proceeding it must either issue or deny a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing § 2254 Cases provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas corpus petition on procedural grounds and fails to reach the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013) (quoting *Slack*, 529 U.S. at 484). The Court declines to issue a certificate of appealability concluding that jurists of reason would not find its ruling debatable.

## VIII. CONCLUSION

In light of the foregoing, the Court overrules Petitioner's objections to the R&R. Accordingly,

**IT IS HEREBY ORDERED WITHDRAWING** the reference to the Magistrate

---

[3] Petitioner's procedurally defaulted claims 1(b) and 1(d) are barred from habeas review and claim 1(c) is not an independent claim.

Judge, **OVERRULING** Petitioner's objection to the R&R, and **ADOPTING IN FULL** the R&R (Doc. 11). The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (Doc. 1) is **DENIED**. The Court **DECLINES** to issue a certificate of appealability finding that jurists of reason would not find this Court's ruling debatable. The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated this 10th day of May, 2022.

_____
Honorable John C. Hinderaker
United States District Judge